UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CHRISTIAN KLEIN,

                                  Plaintiff,

    -against-

YONKERS RACING CORPORATION d/b/a YONKERS
RACEWAY CORPORATION, YONKERS RACEWAY
POLICE DEPARTMENT, JOHN GIBBONS, WILLIAM
GUEVARA, JASON MANITSAS, and EDWIN GARCIA,

                                  Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.:

**Jury Trial Demanded**

       Plaintiff CHRISTIAN KLEIN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff CHRISTIAN KLEIN is a twenty-eight-year old man residing in Port Chester, New York.

7.     Defendant YONKERS RACING CORPORATION d/b/a YONKERS RACEWAY CORPORATION ("YRC") was and is a domestic business entity duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant YRC maintains defendant YONKERS RACEWAY POLICE DEPARTMENT ("YRPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the laws of the City of Yonkers and/or the State of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN GIBBONS, WILLIAM GUEVARA, JASON MANITSAS, and EDWIN GARCIA, were duly sworn peace officers of said department and were acting under the supervision of said department and according to their official duties.  Said defendants are sued in their individual capacities. Defendant Edwin Garcia, who held the rank of Sergeant on the date of the incident, is also sued as a supervisor.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the

City of Yonkers.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants YRC and the YRPD.

## **FACTS**

12.     On November 17, 2014, at approximately 1:45 a.m., plaintiff CHRISTIAN KLEIN was present at his job at the Empire City Casino, located at 810 Yonkers Ave., Yonkers, New York, where he worked as a cook.

13.     At the aforementioned time and location, plaintiff was leaving the location after a disagreement with his employer.

14.     It was raining outside.

15.     While preparing to leave, Mr. Klein realized that his sweater was still inside the location.

16.     When plaintiff asked if he could get his property, one of the defendants YRPD officers, believed to be defendant EDWIN GARCIA, a YRPD Sergeant, said to plaintiff, in sum and substance, "get the fuck out".

17.     Notwithstanding that Mr. Klein was complying with the baseless directive, and had not otherwise committed any crimes or violations, defendant GARCIA needlessly, viciously, and otherwise unreasonably slammed Mr. Klein to the ground.

18.     At that time, defendants WILLIAM GUEVARA and JASON MANITSAS were present when GARCIA slammed plaintiff to the ground, and despite an opportunity to intercede, they failed to do so.

19.     While on the ground, Mr. Klein felt defendants apply a pressure point technique, and felt needless hits to his kidney area.

3

20. While this was happening, Mr. Klein heard one of the defendants say, in sum and substance, "stay down, nigger".

21. The defendant officers handcuffed plaintiff and imprisoned him at the location.

22. The defendant officers caused plaintiff to be transported to Central Booking, and imprisoned him therein.

23. Plaintiff was released from Central Booking after defendant YRPD Officer GIBBONS conveyed false allegations which resulted in the issuance of a desk appearance ticket to Mr. Klein. The desk appearance ticket compelled Mr. Klein's appearance in Yonkers City Court, Criminal Division, on November 21, 2014.

24. Plaintiff appeared in Court as required, at which time he was arraigned on false charges of trespass and resisting arrest filed by defendant GIBBONS under Docket Number 14-1597; said charges having been filed based on the false sworn allegations of defendant GIBBONS, and based on the false statements of defendants GUEVARA, MANITSAS and GARCIA.

25. The defendant YRPD officers created and manufactured false evidence, which was conveyed by defendant GIBBONS to the Westchester County District Attorney's office, which used the same against plaintiff in the aforementioned legal proceeding. Specifically, the defendants conveyed false allegations that plaintiff trespassed and resisted arrest. These allegations were completely false and manufactured.

26. As a result of the defendants' false allegations, plaintiff was required to return to Court on a number of occasions.

27. On May 31, 2016, all of the false charges filed against plaintiff were dismissed and sealed.

28. Defendant EDWIN GARCIA supervised defendants GIBBONS, GUEVARA and

MANITSAS, and directly participated in the violation of plaintiff's civil rights via his personal involvement as well as via his supervision of the other defendants.

29. The individually named YRPD defendant officers were present for or aware of the constitutional violations of plaintiff, and directly participated in said violations, and/or failed to intervene in said violations despite a reasonable opportunity to do so.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the YRC and the YRPD, including, without limitation, the inadequate screening, hiring, retaining, training and supervising their employees; and pursuant to customs or practices of narcotics divisions of the YRC and the YRPD of falsely arresting individuals and falsifying evidence in support of said arrests, as well as of using unnecessary force.

31. Defendants YRC and the YRPD were also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendants YRC and the YRPD have retained these officers, and failed to adequately train and supervise them.

32. Despite notice of the foregoing custom and practices of YRPD officers and of the lack of training of said officers, defendants YRC and the YRPD have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34. All of the aforementioned acts deprived plaintiff CHRISTIAN KLEIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.

§1983.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as peace officers, with the entire actual and/or apparent authority attendant thereto.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff CHRISTIAN KLEIN sustained, *inter alia*, physical injuries, emotional distress, loss of liberty, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants arrested plaintiff CHRISTIAN KLEIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40. Defendants caused plaintiff CHRISTIAN KLEIN to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(<u>Violation of Right to Fair Trial under 42 U.S.C. § 1983</u>)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants created false evidence against plaintiff CHRISTIAN KLEIN.

44. Defendants utilized this false evidence against plaintiff CHRISTIAN KLEIN in legal proceedings.

45. As a result of defendants' creation and use of false evidence, plaintiff CHRISTIAN KLEIN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

46. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(<u>Excessive Force under 42 U.S.C. § 1983</u>)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants used unreasonable force to take CHRISTIAN KLEIN into custody.

49. Defendants caused plaintiff CHRISTIAN KLEIN to be subjected to needless pain and suffering, and emotional distress.

50. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTIAN KLEIN, whose constitutional rights were being violated in their presence by other officers.

53. The defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, plaintiff CHRISTIAN KLEIN' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

55. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The supervisory defendant, EDWIN GARCIA, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.

58. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Monell Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of the YRC and the YRPD included, but were not limited to, narcotics officers falsely arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the YRC and the YRPD engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CHRISTIAN KLEIN'S rights as described herein.  As a result of the failure of the YRC and the YRPD to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants YRC and the YRPD have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the YRC and the YRPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CHRISTIAN KLEIN.

63. The foregoing customs, policies, usages, practices, procedures and rules of the YRC and the YRPD were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTIAN KLEIN as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of they YRC and the YRPD were the moving force behind the Constitutional violations suffered by plaintiff CHRISTIAN KLEIN as alleged herein.

65. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the YRC and the YRPD, plaintiff CHRISTIAN KLEIN was unlawfully arrested and maliciously issued process.

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTIAN KLEIN' constitutional rights.

67. All of the foregoing acts by defendants deprived plaintiff CHRISTIAN KLEIN of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from false arrest/unlawful imprisonment;

   C. To be free from the failure to intervene;

   D. To be free from deprivation of his right to fair trial; and

   E. To be free from malicious abuse of process.

68. As a result of the foregoing, plaintiff CHRISTIAN KLEIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTIAN KLEIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 14, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiff CHRISTIAN KLEIN
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:  __s/ Brett Klein_____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHRISTIAN KLEIN,

                                        Plaintiff,

    -against-

YONKERS RACING CORPORATION d/b/a YONKERS
RACEWAY CORPORATION, YONKERS RACEWAY
POLICE DEPARTMENT, JOHN GIBBONS, WILLIAM
GUEVARA, JASON MANITSAS, and EDWIN GARCIA,

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132